UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 2:15-cr-6-DLB-1

UNITED STATES OF AMERICA,                                              PLAINTIFF,

v.        **MAGISTRATE JUDGE'S REPORT**
          **AND RECOMMENDATION**

ROBBIE DESHAWN JONES,                                                  DEFENDANT.

\*\*\* \*\*\* \*\*\*

This matter is now before the Court on the Defendant's Motion to Vacate under 28 U.S.C. § 2255. [R. 104]. The Defendant filed this motion based upon his belief that his sentence is improperly enhanced. He contends that the holding in Johnson v. United States, 135 S. Ct. 2551 (2015), should be extended to invalidate the portions of the United States Sentencing Guidelines used to enhance his sentence. Defendant also claims that his counsel was ineffective for not researching the viability of one of his claims. However, for the reasons that follow, the Defendant was correctly determined to be a "career offender" and, therefore, his motion should be denied.

BACKGROUND

On April 20, 2015, Defendant pled guilty to one count of conspiracy to distribute heroin, in violation of 21 U.S.C. § 846. [R. 66]. The Court sentenced him to 144 months imprisonment followed by ten years of supervised release. [R. 88]. His sentence was enhanced because the Court found that he qualified as a career offender pursuant to § 4B1.1 of the Sentencing Guidelines based on his having at least two prior controlled substance convictions. Although Defendant previously agreed with the Court at his sentencing hearing that he was properly categorized as a career offender, [R. 88], he now claims that the developments post-Johnson entitle him to relief.

1

Although Defendant was sentenced *after* Johnson was issued, out of an abundance of caution, the Court will entertain his arguments.[1] First, a brief history of the Johnson case and subsequent legal developments will clarify the context surrounding Defendant's arguments.

In Johnson, which was issued in June 2015, the Supreme Court ruled on direct review that the "residual clause" of the Armed Career Criminal Act (the "ACCA") was void for vagueness. Johnson, 135 S. Ct. at 2551. Generally speaking, the ACCA provides a statutory basis for enhancing a defendant's sentence when the defendant is convicted of being a felon in possession of a firearm and is an "armed career criminal," i.e. he or she has committed at least three prior serious drug offenses or violent felonies. The portion of the ACCA under the Supreme Court's review defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year [. . .] that— (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]" 18 U.S.C. § 924(e)(2)(B) (emphasis added). That last italicized portion is the "residual clause," and only that part was invalidated by the Court. Johnson, 135 S. Ct. at 2563.

Central to this case is a similar "career"-type sentencing enhancement, the United States Sentencing Guidelines § 4B1.1, which contains a residual clause identical to the one just invalidated by the Supreme Court. The Sentencing Guidelines section at issue states that a defendant is a "career offender" if:

---

[1] When defendants agree with their career offender status, the Court will "traditionally" require defendants "to stand by the agreements they made and the ranges they accepted." United States v. Stephens, No. 15-5553, 2016 WL 3194689, at *1 (6th Cir. June 9, 2016). However, the Sixth Circuit has made it clear that "Johnson is not a traditional case. We have excused defendants' Johnson-related waivers, giving them 'the benefit of the doubt' *when they were sentenced before that decision*." Id. at *1 (emphasis added). Here, Defendant's agreement that he was a career offender came during his sentencing held *after* the Johnson decision. However, because "Johnson is not a traditional case," out of an abundance of caution, the Court will address the merits of his arguments. Id.

> (1) The defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
> (2) The instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
> (3) *The defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense*.

U.S.S.G. § 4B1.1(a) (emphasis added). For purposes of this section, the term "controlled substance offense" means a drug offense (such as possession, distribution, or manufacture) under federal or state law that is punishable for a term exceeding one year. Id. § 4B1.2. The term "crime of violence" means "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." Id. (emphasis added). Because of the groundwork laid by Johnson, this residual clause, which is identical to the residual clause of the ACCA, has been struck down by the Sixth Circuit. See United States v. Pawlak, No. 15-3566, 2016 WL 2802723 (6th Cir. May 13, 2016). Critically, the voiding of these residual clauses may be asserted as the basis for relief on collateral review, such as in a motion to vacate under § 2255. See United States v. Welch, 136 S. Ct. 1257 (2016).

In the midst of this activity, however, defendants often fail to appreciate that it was merely the residual clauses, and *only* the residual clauses, of these career-type enhancements that were invalidated. The remainder of these sentencing enhancement provisions – including any other definitions and commentary, such as application notes – are still valid. See, e.g., United States v. Stephens, No. 15-5553, 2016 WL 3194689, at *2 (6th Cir. June 9, 2016) ("Johnson left intact the [G]uidelines' career-offender application notes[.]"). Again, when the Supreme Court issued Johnson, it stated that "[t]oday's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA]'s definition of a violent felony."

3

Johnson, 135 S. Ct. at 2563.

Here, Defendant asks the Court to do what the Supreme Court and Sixth Circuit plainly refused to do—extend Johnson to invalidate other provisions of the Sentencing Guidelines beyond the residual clause. The Court will now address the merits of his claims, in which Defendant confronts his "career offender" enhancement under the Sentencing Guidelines after Johnson.

## ANALYSIS

In his motion to vacate, Defendant makes two claims for relief, each containing two arguments. [R. 104]. Each argument will be addressed in the order presented.

First, Defendant claims that his 2011 conviction in Ohio for heroin trafficking cannot serve as a predicate offense for his career offender enhancement because it was merely a fifth degree felony and not punishable with imprisonment for "a term exceeding one year." [R. 104-1 at 3]; see § 4B1.2(b). Defendant's related sub-argument to this claim is that his counsel was constitutionally ineffective by failing to investigate such a challenge to his career offender enhancement.

Under the 2011 Ohio Revised Codes §§ 2925.03(C) and 2929.14(A)(5), heroin trafficking that equates to a fifth degree felony carries a potential penalty ranging between six and twelve months. Therefore, Defendant is correct that his 2011 conviction is not punishable for "a term *exceeding* one year," and thus cannot "count" for career offender enhancement purposes. See § 4B1.2(b) (emphasis added). However, that particular conviction is irrelevant because Defendant has at least two other qualifying drug offenses in Ohio that do "count" for career offender enhancement purposes, to wit: a 2004 heroin trafficking conviction (for which he was sentenced to fifteen months imprisonment) and a 2005 heroin trafficking conviction (for which he was sentenced to seven years imprisonment). Because this argument is meritless, Defendant's counsel could not have been ineffective for failing to research and advance it. See United States v. Martin,

4

45 F. App'x 378, 381 (6th Cir. 2002) (citing Strickland v. Washington, 466 U.S. 668, 688 (1984)).

Second, Defendant claims that, post-Johnson, inchoate offenses that are authorized by Application Note 1[2] of § 4B1.2 should no longer "count" for career offender enhancement purposes. [R. 104 at 9]. In other words, Defendant argues that Johnson's rationale should be extended to invalidate Application Note 1. If inchoate offenses don't "count," then Defendant argues that his conspiracy conviction would not have triggered his career offender designation because the instant offense would not be a "controlled substance offense" as defined by § 4B1.2, Application Note 1. His related sub-argument to this claim is that the reasoning in United States v. Price, 990 F.2d 1367 (D.C. Cir. 1993), which held that the Sentencing Commission lacked congressional authority under its enabling statute, 28 U.S.C. § 994(h), to include inchoate offenses as "triggers" for career offender enhancement purposes, has renewed viability following Johnson.

In short, Defendant's second claim fails. Such a challenge based on Price is meritless, not only because Price itself has been superseded by subsequent revisions to the Sentencing Guidelines explicitly adding the inchoate provisions, see United States v. Powell, 161 F.3d 738, 739 (D.C. Cir. 1998), but also because "a majority of the circuits to consider the question have rejected Price," United States v. Jackson, 60 F.3d 128, 132 (2d Cir. 1995), including the Sixth Circuit. See United States v. Williams, 53 F.3d 769, 772-73 (6th Cir. 1995) ("[W]e hold that the Sentencing Commission did not exceed its statutory authority by including conspiracy within the definition of a "controlled substance offense" under the career offender guidelines."). Furthermore, there is no reason to believe that Johnson somehow revived Price or invalidates Application Note 1. The Supreme Court made it clear that nothing about Johnson (and by extension, its progeny extending

---

[2] The portion of Application Note 1 at issue states that, "For purposes of this guideline – 'Crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, Application Note 1.

5

the rationale to the Sentencing Guidelines) was intended to affect any other portion of the definitions in defining the career offender and armed career criminal enhancements besides the residual clause. See Johnson, 135 S. Ct. at 2563 (noting that the Court's holding "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony"). Moreover, the Sixth Circuit recently confirmed that "Johnson left intact the [G]uidelines' career-offender application notes[.]" United States v. Stephens, No. 15-5553, 2016 WL 3194689, at *2 (6th Cir. June 9, 2016). Thus, Defendant's second claim also fails.

Therefore, because his claims are clearly meritless, Defendant's motion to vacate should be dismissed at this initial stage under Rule 4(b) of the Rules Governing Section 2255 Proceedings.

## CONCLUSION

Accordingly, it is **RECOMMENDED** that Defendant's Motion to Vacate under § 2255, [R. 104], should be **DENIED**.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed June 16, 2016.



Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge