**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 15-6-DLB-EBA-1**

**UNITED STATES OF AMERICA**                                                   **PLAINTIFF**

**V.**         **ORDER ADOPTING REPORT AND RECOMMENDATION**

**ROBBIE DESHAWN JONES**                                            **DEFENDANT**

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Proceeding *pro se*, Defendant Robbie Deshawn Jones filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 104).[1] In his Motion, Jones challenges his sentence pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) and argues that he was denied effective assistance of counsel. Pursuant to the Court's local practice, the Motion was referred to a Magistrate Judge for the preparation of a Report and Recommendation ("R&R").

This matter is presently before the Court on Magistrate Judge Edward B. Atkins's R&R (Doc. # 106), wherein he recommends that the Court deny Jones's Motion to Vacate. Jones having filed Objections to the R&R (Doc. # 110), and the time for the United States to respond having expired, the Motion is now ripe for the Court's review. Upon review, all of Jones's Objections lack merit. Accordingly, the R&R will be partially adopted as the Court's Opinion and Jones's § 2255 Motion will be **denied**.

---

1    As Jones is proceeding *pro se*, the Court acknowledges its duty to review his filings under a lenient standard, liberally construing his pleadings. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985).

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On April 20, 2015, Jones pled guilty to one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846.  (Doc. # 66).  The Court sentenced him to 144 months imprisonment, followed by a ten year term of supervised release.  (Doc. # 88).  Jones's sentenced was enhanced because the Court determined that he was a "career offender" under United States Sentencing Guideline § 4B1.1.  Although Jones did not object to the "career offender" designation at sentencing, he has now filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. # 104).

**II.    ANALYSIS**

    **A.     Legal Standard**

A court may grant relief under 28 U.S.C. § 2255 if the defendant establishes that: (I) the sentencing court imposed his sentence in violation fo the Constitution or laws of the United States; (ii) the court lacked jurisdiction to impose the sentence; (iii) the sentence imposed exceeded the maximum authorized by law; or (iv) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

In his Motion, Jones relies primarily on *Johnson*, and contends that his prior convictions do not warrant the "career offender" enhancement under the United States Sentencing Guidelines.  In addition, Jones claims that he received ineffective assistance of counsel during his sentencing.  The Court will consider each of Jones's arguments in turn.

    **B.     "Career Offender" Designation**

Under United States Sentencing Guideline § 4B1.1, a criminal defendant classified as a "career offender" is subject to an enhanced advisory sentencing guideline range.

There are three requirements for determining whether a defendant is a "career offender": "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). When Jones was sentenced, the Sentencing Guidelines' "crime of violence" and the Armed Career Criminal Act's "violent felony" were defined similarly, as any offense "punishable by imprisonment for a term exceeding one year ... that ... has as an element the use, attempted, use, or threatened use of physical force against the person of another; or ... is murder, voluntary manslaughter, kidnaping, aggravated assault, a forcible sex offense, robbery, burglary of a dwelling, arson, or extortion ... *or otherwise involves conduct that presents a serious potential risk of physical injury to another* ..." " U.S.S.G. § 4B1.1(a) (emphasis added). The italicized portion is commonly referred to as the "residual clause."

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act violated due process because it was unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557. The Sixth Circuit extended *Johnson*'s holding in *Pawlak*, invalidating the identical residual clause in the Sentencing Guidelines. *Pawlak*, 822 F.3d at 911. Therefore, "crimes of violence" under the residual clause are no longer qualifying convictions for guideline purposes. *Id.*

Here, a review of the facts reveals that Jones was correctly found to be a "career offender" under the Sentencing Guidelines. Jones was not sentenced under the residual clause in U.S.S.G. § 4B1.2(a)(2). Instead, Jones had at least two prior qualifying

3

convictions for controlled substance offenses – a 2004 heroin trafficking conviction (for which he was sentenced to fifteen months imprisonment) and a 2005 heroin trafficking conviction (for which he was sentenced to seven years imprisonment).[2] A "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). Because Jones's 2004 and 2005 convictions are for the trafficking of a controlled substance and were punishable by imprisonment for a term exceeding one year, they were properly determined to be qualifying prior convictions under the Sentencing Guideline's "career offender" enhancement. Therefore, because Jones was not sentenced under the residual clause, neither *Johnson nor Pawlak* provide him with any sentencing relief.

In his Objections, Jones makes a vague reference to *Mathis v. United States*, 135 S.Ct. 2243 (2016), as well as *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and claims that his 2004 and 2005 heroin trafficking convictions are no longer "controlled substance offenses" under the Guidelines. (Doc. # 110 at 3). Construed liberally, Jones appears to argue that Ohio law sets forth different means of committing the offense of heroin trafficking and not elements of different "divisible" crimes under *Mathis*. *Id.*

---

2  The Court will not consider Jones's 2011 heroin trafficking conviction in violation of Ohio Revised Codes §§ 2925.03(C) and 2929.14(A)(5), which carries a penalty ranging from six to twelve months. Therefore, the Defendant is correct that his 2011 heroin conviction is not punishable by a term of imprisonment *exceeding* one year and is not a qualifying offense. Nonetheless, this conclusion does not benefit Jones, because he has at least two other qualifying controlled substance offenses, which make him a "career offender."

However, *Mathis* does not support Jones's position.  Instead, *Mathis* sharpened the Supreme Court's analysis of what constitutes a prior violent felony under the Armed Career Criminal Act.  Jones was sentenced under the "career offender" portion of the Sentencing Guidelines, not the Armed Career Criminal Act.  While the Guidelines' definition of a prior "crime of violence" parallels the definition of "violent felony" under the Armed Career Criminal Act, the definitions of "controlled substance offense" are distinct.  Therefore, determining whether a prior conviction for a controlled substance offense is a qualifying predicate offense under Sentencing Guideline § 4B1.2(b) does not require comparing the elements of the offense with any "generic" controlled substance offense.  Likewise, Jones's reliance on *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) is similarly misplaced.  In addition to not constituting binding precedent on this Court, *Hinkle* considers whether "delivering" a controlled substance under a particular Texas statute is a prior qualifying conviction under the Guidelines.  Because Jones's convictions are for trafficking, the Court does not find *Hinkle* to be instructive in this case.  Accordingly, Jones's Objections (Doc. # 110) are **overruled** and his arguments concerning his "career offender" designation are without merit.

### C.    Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, Jones must satisfy two essential elements.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  First, the defendant must show that his attorney's performance was deficient.  *Id.*  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*  Second, the defendant must demonstrate that "the deficient performance prejudiced the defense."  *Id.*  "This requires

showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id.* "Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* For this reason, the Sixth Circuit has held that a court need not address both prongs if a defendant fails to make a sufficient showing on either prong. *See United States v. DeGroat*, 102 F. App'x 956, 959 (6th Cir. 2004).

Jones has failed to meet the second element - he has not demonstrated any prejudice as a result of his counsel's performance. Jones's counsel cannot be found to be ineffective for failing to object to his status as a "career offender," as Jones suggests. Jones's arguments regarding his "career offender" classification are meritless; therefore, he cannot show any prejudice from his counsel's performance. *United States v. Martin*, 45 F. App'x 378, 381-82 (6th Cir. 2002) ("Failure of trial counsel to raise wholly meritless claims cannot be ineffective assistance of counsel.") Therefore, Jones's claims regarding his status as a "career offender" and the alleged ineffective assistance of counsel fail, and his Motion to Vacate is **denied**.

### D.  Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted); 28 U.S.C. § 2253(c)(2). When the denial of a § 2255 motion is based on the merits, the defendant must demonstrate that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Jones has not met this burden. Therefore, the Court agrees with the Magistrate Judge's recommendation that no

certificate of appealabilty shall issue.

### III.   CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)   The Report and Recommendation of the United States Magistrate Judge (Doc. # 106) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(2)   Defendant's Objections (Docs. # 110) are hereby **SUSTAINED IN PART** and **OVERRULED IN PART** as set forth herein;

(3)   Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 104), is hereby **DENIED**;

(4)   This matter is hereby **DISMISSED** and **STRICKEN** from the Court's active docket; and

(5)   For the reasons set forth herein and in the Magistrate Judge's Report and Recommendation (Doc. # 106), the Court determines there would be no arguable merit for an appeal in this matter and, therefore, no certificate of appealability shall issue.

This 18th day of January, 2017.



Signed By:
*David L. Bunning*   DB
United States District Judge

K:\DATA\ORDERS\Covington Criminal\2015\15-06-1 Order Adopting R&R re 2255.wpd